**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| H.O.P.E., INC., d/b/a HOPE FAIR HOUSING CENTER, an Illinois Not-for-Profit Corporation; <br><br> Plaintiff; <br> v. <br><br> SHODEEN, INC., SHODEEN GROUP L.L.C., SHODEEN MANAGEMENT COMPANY, SHODEEN HOMES, L.L.C., SHODEEN INVESTMENT PROPERTY COMPANY, L.L.C., SHODEEN CONSTRUCTION COMPANY, L.L.C., RIVER CENTER PROPERTY COMPANY, L.L.C., THE SHODEEN FAMILY PROPERTY COMPANY, L.L.C and SHODEEN EQUITY INVESTMENTS II, INC., <br><br> Defendants. | Case No. 17-CV-5735 <br><br> Jury Trial Demanded |

**COMPLAINT**

H.O.P.E. Inc. d/b/a HOPE Fair Housing Center ("HOPE"), brings this action against a Chicago area developer, builder and owner of residential dwellings doing business in the State of Illinois as "Shodeen," through various incorporated entities named as Defendants herein (Shodeen Group L.L.C., Shodeen, Inc., Shodeen Management Company, Shodeen Homes, L.L.C., Shodeen Investment Property Company, L.L.C., Shodeen Construction Company, L.L.C., River Center Property Company, L.L.C., The Shodeen Family Property Company, L.L.C., and Shodeen Equity Investments II, Inc. (collectively, the "Shodeen Defendants"). As described below, HOPE seeks a remedy against the Shodeen Defendants for a continuing pattern and practice of violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as

1

Amended by the Fair Housing Act Amendments of 1988 ("FHAA"), 42 U.S.C. §§3601-3619, in connection with the development and construction of certain properties in Kane County, Illinois: the Village Reserve at Mill Creek (the "Village Reserve") and Dodson Place.  HOPE also seeks to require the Shodeen Defendants to design and or construct all future covered multi-family dwellings in compliance with the FHAA.

## I. NATURE OF THE ACTION

1. HOPE brings this action against the Shodeen Defendants, who jointly, severally, and/or individually have acted as developer, designer, builder, owner, and/or manager of certain multi-family residential developments in Kane County, Illinois.  Since 1961, Shodeen has been engaged in residential and commercial construction, including construction of at least nine multifamily properties.

2. As described below, as developer, designer, builder and owner of certain residential properties, the Shodeen Defendants have engaged in an ongoing and continuing pattern and/or practice of discrimination against persons with disabilities in violation of the FHAA, by designing and/or constructing multi-family dwellings and their associated common use and public use areas in a manner that effectively denies persons with disabilities full access to and use of these facilities, as required by the FHAA.

3. After an initial investigation, HOPE conducted site visit test assessments for compliance with the FHAA at the following multi-family properties developed, designed, built, owned and/or managed by the Shodeen Defendants, jointly or individually:  the Village Reserve and Dodson Place. (the "Tested Properties")  The investigation and testing found that each of the properties failed to meet multiple accessibility requirements of the FHAA.

2

4. The Tested Properties were built after March 13, 1991, the effective date of the FHAA accessibility requirements. Despite these legal requirements regarding accessible housing, the Shodeen Defendants have developed, designed and constructed dwelling units and common and public use areas that fail to meet the basic requirements of the FHAA, impairing accessibility to persons with disabilities.

5. In addition to the Tested Properties, HOPE has identified the following additional multi-family residential properties in Illinois that the Shodeen Defendants jointly, severally, and/or individually developed, designed, owns and/or constructed, which are subject to the FHAA: the Residence at Mill Creek, the Village at Mill Creek and the River North Luxury Condominiums. Each of these properties is located in Geneva, Illinois. Because these developments share certain design features with the Tested Properties, HOPE has reason to believe that FHAA accessibility violations exist at these properties as well.

6. The accessibility violations at the Tested Properties are serial, frequent and continue at the current time – more than 25 years after the effective date of the FHAA accessibility requirements, March 13, 1991. As such, HOPE believes that unless restrained by this Court, the Shodeen Defendants will continue to violate the rights of persons with disabilities and frustrate the mission of HOPE in working to protect these rights.

7. The Shodeen Defendants' violations of the FHAA design and construction requirements have significant consequences for persons with disabilities. As described in detail below, the pattern and/or practice of FHAA violations is evident from features such as insufficient clear floor space in bathrooms for use by persons in wheelchairs, high thresholds at patios or balconies impairing accessibility, improperly located environmental controls, impediments to access along routes in public and common use areas, insufficiently identified handicapped parking

spaces, and parking spaces placed in areas blocking curb cutouts. This pattern of violations effectively communicates to persons with disabilities that they are not welcome at the Shodeen Defendants' properties.

8. According to the 2015 American Community Survey conducted by the U.S. Census Bureau, approximately 40 million Americans have some form of disability. Of that number, approximately 21 million have an ambulatory disability. The 2015 American Community Survey conducted by the U.S. Census Bureau further estimates that over 5.3 million military veterans have disabilities.

9. The State of Illinois has a large number of persons with disabilities. The 2014 Disability Status Report for Illinois, which is based on U.S. Census data, reports that 10.9% of the Illinois population or 1,386,000 persons have a disability. Accessible housing is essential to assuring that persons with disabilities are able to participate in community life.

10. The Shodeen Defendants' systematic and continuing violations of the FHAA have thwarted Congressional efforts to eradicate housing discrimination against persons with disabilities. Defendants' violations have frustrated the mission of HOPE and caused HOPE to divert its resources in an attempt to redress these violations. Defendants' actions in this regard show reckless and/or callous disregard for the federally protected rights of persons with disabilities.

11. Enforcement of the FHAA against the Shodeen Defendants is necessary because of the extent and continuing nature of its civil rights violations at its various multi-family residential properties in Illinois.

12. HOPE seeks a declaratory judgment, permanent injunctive relief, compensatory and/or punitive damages, and other appropriate relief for this discrimination.

**II. JURISDICTION AND VENUE**

13.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1332, and 1343, 42 U.S.C. §§3613 and 3617, and 28 U.S.C. §§2201 and 2202.

14.     Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to HOPE's claims occurred in this District, and the claims relate to real property located in this District.

**III. PARTIES**

15.     Plaintiff HOPE is a non-profit organization whose mission is increasing housing opportunities and ending housing discrimination on the basis of race, color, religion, national origin, gender, sexual orientation, disability, familial status, or any other characteristic protected under federal, state or local laws.  To accomplish these goals, HOPE provides counseling and training to persons seeking to rent or purchase housing and training to housing providers on their rights and responsibilities under fair housing laws.  HOPE also provides education and outreach to the community and community organizations, and undertakes advocacy work and fair housing enforcement work.  HOPE's mission is to establish and preserve viable, economically sound and inclusive communities.  HOPE is incorporated under the laws of the State of Illinois and operates from offices at 202 W. Willow, Suite 203 in Wheaton, Illinois.

16.     The Shodeen Defendants do business in the State of Illinois, and develop, design, plan, construct, own and manage commercial and residential properties.  Shodeen Group L.L.C., Shodeen Homes, L.L.C., Shodeen Investment Property Company, L.L.C., Shodeen Equity Investments II, Inc. and The Shodeen Family Property Company, L.L.C. are Delaware Corporations.  Shodeen, Inc., Shodeen Construction Company, L.L.C., River Center Property Company, L.L.C., and Shodeen Management Company are Illinois Corporations.  The principal

5

offices of the Shodeen Defendants are located at 77 North First Street, Geneva, Illinois.

17. The Shodeen Defendants are jointly, severally, and/or individually liable, as detailed below, for an ongoing and continuous pattern and/or practice of designing and/or constructing multi-family dwellings and their associated common use and public use areas in a manner that effectively denies persons with disabilities full access to, and use of, these facilities as required by the FHAA. The Shodeen Defendants, jointly or individually, also currently own certain of the properties they have designed and built that are at issue in this lawsuit.

### IV. DESIGN AND CONSTRUCTION REQUIREMENTS UNDER THE FHAA

18. Congress enacted the FHAA design and construction accessibility requirements as part of comprehensive amendments to the Fair Housing Act to prohibit discrimination on the basis of disability.[1] The legislative history of the FHAA reflects Congressional findings that poorly designed and constructed buildings exclude persons with disabilities. In considering the 1988 amendments to the Fair Housing Act, Congress stressed that enforcement of civil rights laws is necessary to protect persons with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" erected by developers and builders who fail to construct buildings and public use areas accessible to and adaptable by people with disabilities. H.R. Rep. No. 100-711, at 25 (1988), reprinted in 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1988).

19. The FHAA mandates that multi-family buildings containing four or more units, and

---

[1] The FHAA uses the term "handicap" rather than "disability." Both terms have the same legal meaning. *See Bragdon v. Abbott*, 524 U.S. 624, 632 (1998) (definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This Complaint uses the terms "disability" and "handicap" interchangeably.

built for first occupancy after March 13, 1991 ("covered multi-family dwellings") are subject to certain design and construction requirements. Covered multi-family dwellings, including condominiums, (see 29 C.F.R. Sect. 100.201), must provide:

> a. public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;
>
> b. doors designed to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by persons in wheelchairs;
>
> c. an accessible route into and through buildings;
>
> d. light switches, electrical outlets, thermostats and other environmental control in accessible locations;
>
> e. reinforcements in bathroom walls that allow for the later installation of grab bars; and
>
> f. usable bathrooms such that an individual in a wheelchair can maneuver about the space.

29 U.S.C. §3604(f)(3)(C).

20. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated the final FHAA design and construction regulations in January 1989. 24 C.F.R. §100.205. HUD published the final Fair Housing Accessibility Guidelines on March 6, 1991, 56 Fed. Reg. 9472, (hereinafter "FHAAG"), which incorporate the requirements of the American National Standards Institute for buildings and facilities providing accessibility and usability for physically handicapped persons. A117.1-1986 (hereinafter "ANSI"), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

21. The FHAA also prohibits discrimination in the rental of a dwelling or to otherwise make unavailable or deny a dwelling to an individual because of a disability, 42 U.S.C.

§3604(f)(1), or to discriminate in the terms, conditions, or privileges of a rental, or in the provision of services or facilities in connection with the rental of a dwelling because of disability, 42 U.S.C. §3604(f)(2).

## V. THE FHAA'S APPLICATION TO THE SUBJECT PROPERTIES

22. Each of the Tested Properties designed and built by the Shodeen Defendants has four or more units and was built for first occupancy after March 13, 1991: the Village Reserve and Dodson Place. The dwelling units in these properties are "covered units" under the FHAA.

23. Each of the residential properties identified above as "covered units" is a "dwelling" within the meaning of 42 U.S.C. §3602(b) and is subject to the accessibility requirements of 42 U.S.C. §3604(f). Each of the dwelling units in the foregoing properties developed, designed, constructed, owned, and/or managed jointly or individually by the Shodeen Defendants is a "covered multifamily dwelling" within the meaning of the FHAA.

24. The Shodeen Defendants continue to develop/design/build dwellings covered by the FHAA. The newest apartment building at Mill Creek was completed in April 2017. The foregoing establishes development, design and construction within two years of the filing of this action.

25. HOPE has identified multiple FHAA violations at each of the Tested Properties.

26. The Shodeen Defendants' disregard for the FHAA in designing and building its properties is systemic. The Shodeen Defendants failed to ensure that FHAA requirements were followed, and/or Defendants acted in reckless or callous disregard for compliance with the applicable legal standards and the federally protected rights of the Plaintiff and disabled persons. As a result, the Tested Properties violate the FHAA either in design or construction, or both.

## VI. THE VIOLATIONS ALLEGED

27. HOPE's site visits to the Tested Properties revealed that the properties were not built in accordance with the FHAA. HOPE observed a pattern and/or practice of construction and/or design violations in violation of 42 U.S.C. §3604(f)(3)(C), including, but not limited to the following:

- accessibility issues in bathrooms due to insufficient clear floor space at fixtures;
- impediments to installation of grab bars in bathrooms;
- insufficiently identified handicapped parking spaces and parking spaces placed in areas blocking curb cutouts;
- improperly high placement of environmental controls in units;
- excessively high interior thresholds, interfering with access to patios or balconies;
- improperly steep slopes without handrails through common areas; and
- improperly high placement of resident call box.

28. By way of example, the following allegations identify details of specific types of FHAA construction violations that HOPE observed at the Tested Properties. These examples are illustrative, not exhaustive, of the Shodeen Defendants' pattern and/or practice of FHAA violations.

**The Village Reserve at Mill Creek**.

29. At the Village Reserve at Mill Creek complex in Geneva, Illinois, the FHAA violations HOPE observed include, but are not limited to, the following:

> a. Insufficient clear space in bathroom to allow persons in wheelchairs to maneuver alongside tubs and sink in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 7, Guideline 2. *See* FHA Design Manual 7.39-7.59.
>
> b. Improperly designated handicapped parking spaces and absence of

unobstructed access to curb cutouts connecting with such spaces in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 2. *See* AANSI 4.6, 4.7 and FHA Design Manual 2.21.

c. Improperly high placement of environmental controls in units in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 5. *See* FHA Design Manual 5.5-5.6.

d. Improperly steep slopes without handrails interfering with access through common areas in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 2, Guidelines 4 and 14. *See* FHA Design Manual 2.24., 2.4, 2.8.

e. Excessively high thresholds preventing access to balconies and patios in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 4, Guidelines 4 and 5. *See* FHA Design Manual 4.11-4.12.

f. Absence of reinforced bathroom walls sufficient for installation of grab bars in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 6 and FHAAG Requirement 7, Guideline 2. *See* FHA Design Manual 6.3.

**Dodson Place.**

30. At the Dodson Place residential complex in Geneva, Illinois, the FHAA violations HOPE observed include, but are not limited to, the following:

a. Insufficient clear space in bathroom to allow persons in wheelchairs to maneuver in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 7, Guideline 2. *See* FHA Design Manual 7.39-7.59.

b. Improper sizing of shower in Master Bath to facilitate access in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 7, Guideline 2. *See* FHA Design Manual 7.56.

c. Improper dimensions from centerline of toilet to nearest wall where grab bars could be installed in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirements 6, 7. *See* FHA Design Manual 7.45.

d. Improperly high placement of environmental controls in units in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 5. *See* FHA Design Manual 5.5-5.6.

e. Excessively high thresholds preventing access to balconies and patios in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 4, Guidelines 4

and 5. *See* FHA Design Manual 4.11-4.12

f. Improperly high placement of residential call box in violation of 42 U.S.C. §3604(f)(3)(C) and FHAAG Requirement 1, Guideline 1. *See* FHA Design Manual 1.11.

31. Because of this demonstrated pattern and/or practice of FHAA design violations and similarities in design and construction with other developments of the Shodeen Defendants, additional design violations very likely exist at Defendants' other residential developments, including the developments identified in paragraph 5 of this Complaint, and in architectural plans of future developments by the Shodeen Defendants that Plaintiff has not been able to review.

32. In performing the actions or omitting to act as alleged herein, each employee or officer of the Shodeen Defendants was acting in the course and scope of his or her actual or apparent authority, or the alleged acts or omissions of each employee or officer as agent were subsequently ratified and adopted by the Shodeen Defendants as principal.

33. The actions of the Shodeen Defendants were intentional and/or undertaken with reckless or callous disregard for the law and the injuries caused to persons with disabilities and to HOPE in pursuit of its mission to protect the rights of disabled persons to have accessible dwellings.

## VII. INJURY TO PLAINTIFF

34. As a result of the illegal and discriminatory actions described above, the Shodeen Defendants have directly and substantially injured HOPE by frustrating its mission of creating communities with accessible, barrier-free housing for disabled persons. HOPE pursues this mission by providing programs and services that encourage the development of accessible housing, educate the public about fair housing rights and requirements, provide housing counseling and search resources for persons with disabilities, provide resources to developers to

assist in the creation of accessible housing, and work to eliminate discriminatory housing practices.

35. Each time the Shodeen Defendants have designed and constructed covered dwellings that did not comply with the FHAA, it frustrated the mission of HOPE inasmuch as the Shodeen Defendants discouraged persons with disabilities from living at those dwellings and encouraged other individuals and entities involved in the design, construction and rental of covered units to disregard their own responsibilities under the FHAA. The effect of this injury is cumulative and ongoing.

36. HOPE has also been injured by being forced to divert scarce resources to identify and counteract the Shodeen Defendants' unlawful housing practices when those resources could have been used to provide services and conduct educational activities instead of countering Defendants' discriminatory conduct.

37. HOPE has invested substantial time and effort attempting to secure compliance with the FHAA by the Shodeen Defendants, including investment of time and resources in assessing and inspecting and testing the properties identified herein. These efforts caused HOPE to divert significant resources in terms of staff time, salaries, travel and incidental expenses that it would not have had to expend were it not for Defendants' violations.

38. The Shodeen Defendants' discriminatory acts and omissions have had a pervasive harmful impact on persons with disabilities to whom HOPE provides services by, among other things, depriving them of essential accessible housing services.

39. HOPE is an aggrieved person under the FHAA, 42 U.S.C. §§3602(d) and (i).

40. Until the Shodeen Defendants' violations are remedied, the Defendants' illegal and discriminatory actions will continue to injure HOPE by, *inter alia*:

    a. Interfering with HOPE's efforts and programs intended to bring about equality of opportunity in housing.

    b. Requiring HOPE to commit scarce resources, including significant staff time and funding to investigate and counter the Shodeen Defendants' illegal conduct, thus diverting those resources from HOPE's other activities, such as education, outreach and counseling.

    c. Frustrating HOPE's missions and goals of promoting the equal availability of housing to all persons without regard to any protected status, including disability.

**VIII. LEGAL CLAIMS - VIOLATIONS OF FAIR HOUSING ACT, 42 U.S.C §§3604(f)(1)-(f)(2) and (f)(3)(C) BY THE SHODEEN DEFENDANTS**

41. HOPE realleges and incorporates by reference all preceding paragraphs in this Complaint.

42. The Tested Properties are "covered multifamily dwellings" within the meaning of 42 U.S.C. §3604(f)(7), built for first occupancy after March 13, 1991, and subject to the design and construction requirements set forth in 42 U.S.C. §3604(f)(3)(C) of the FHAA. The public and common use areas of the Tested Properties are also subject to the design and construction requirements of 42 U.S.C. §3604(f)(3)(C).

43. The Shodeen Defendants, jointly and severally, have failed to design and/or construct the Tested Properties so that:

    a. the public use and common use portions are readily accessible to and usable by persons with disabilities.

    b. all covered units contain the required features of accessible and adaptive design, specifically, but not limited to, usable bathrooms such that a person in a wheelchair can maneuver about the space.

44. Through the actions and inactions described above, the Shodeen Defendants, jointly and severally, have failed and/or refused to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. §3604(f)(3)(C) and the applicable regulations, 24

C.F.R. Part 100.205.

45. Through the actions and inactions described above, the Shodeen Defendants have also discriminated in the rental of, otherwise made unavailable, or denied dwellings to persons because of their disabilities in violation of 42 U.S.C. §3604(f)(1).

46. Through the actions and inactions described above, the Shodeen Defendants have also discriminated against persons because of their disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. §3604(f)(2).

47. The Shodeen Defendants have engaged in a continuing pattern and/or practice of violating the FHAA in that they have repeatedly designed and/or constructed and/or rented covered multi-family dwellings in violation of the requirements of the FHAA. This practice is ongoing and continuing through the present.

48. The Shodeen Defendants' conduct described herein has been intentional, willful and wanton.

49. HOPE demands trial by jury.

**IX. PRAYER FOR RELIEF**

WHEREFORE, HOPE respectfully requests that this Court grant judgment in its favor and enter an Order against the Shodeen Defendants, as follows:

A. Declaring, pursuant to 28 U.S.C. §2201, that the conduct of the Shodeen Defendants, as alleged herein, constitutes discrimination and a pattern and practice of discrimination in violation of the FHAA, 42 U.S.C. §3604(f)(1)-(f)(2), and (f)(3)(C);

B. Enjoining:

    1. the Defendants, their officers, directors, employees, agents, successors,

assigns, partners, members, and all other persons in active concert or participation with any of them from failing or refusing to bring the covered dwelling units and the public and common use areas at each of the Tested Properties into immediate compliance with the requirements of 42 U.S.C. §3604(f)(3)(c) and the applicable regulations; to comply with such procedures for the inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

2. the Defendants, their officers, directors, employees, agents, successors, assigns, partners, members, and all other persons in active concert or participation with any of them from renting covered dwelling units in the respective Tested Properties until all such units and public and common use areas of the properties have been brought into compliance with the requirements of 42 U.S.C. §3604(f)(3)(C) and the applicable regulations;

C. Permanently enjoining the Shodeen Defendants from failing or refusing to design and/or construct any covered multi-family dwellings in the future in compliance with the FHAA and applicable regulations;

D. Ordering the Shodeen Defendants to:

1. Survey, jointly with the HOPE, each and every residential complex in their development portfolio containing covered units and common and public use areas other than the Tested Properties (the "Additional Illinois Properties") and assess the compliance of each with the accessibility requirements of the FHAA;

2. Report to the Court the extent of the noncompliance at the Additional Illinois Properties with the accessibility requirements of the FHAA; and

3. Bring each and every such residential complex into compliance with 42 U.S.C. §3604(f)(3)(C), and the applicable regulations;

E. Award such compensatory damages as would fully compensate HOPE for the injuries incurred as a result of the discriminatory conduct of Defendants;

F. Award such punitive damages against the Defendants as permitted under the law;

G. Award HOPE its costs, attorney's fees and expenses; and

H. Award such other relief as this Court deems just and proper.

Respectfully submitted,

*s/ Kelly K. Lambert*
One of Plaintiff's Attorneys

Dated: August 7, 2017

Jennifer K. Soule
Kelly K. Lambert
James G. Bradtke
Soule, Bradtke & Lambert
533 S. Division Street, Suite B
Elmhurst, IL 60126
Phone: (630) 333-9144